**Md Mahabub KAMAL, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, By its District Director of the New York Dis-**

**332**

trict, **Alberto R. Gonzales,**[1] **Attorney General of the United States, Respondents.**

No. 04–2091–AG.

United States Court of Appeals, Second Circuit.

Dec. 13, 2005.

Nicholas J. Mundy, New York, New York, for Petitioner.

Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Stephan J. Baczynski, Assistant United States Attorney, Buffalo, New York, for Respondent.

Present: STRAUB, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Md Mahabub Kamal petitions for review of the April 13, 2004 BIA decision denying his claims for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the immigration judge's ("IJ") decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

In this case, the IJ made an adverse credibility finding and held that Kamal failed to prove that he was persecuted in Bangladesh or had a well-founded fear of persecution if returned to Bangladesh. The IJ's finding of adverse credibility is supported by the record.

The IJ found that Kamal was inconsistent regarding the number of times he had been arrested and when those arrests occurred. Kamal provided details of two 1991 arrests in his supplemental affidavit, but he did not mention a March 1992 arrest or detention incident at all. To the extent that Kamal maintains that the March 1992 incident was just a detention, and not a new arrest, that explanation does not account for the absence of any reference of the third incident from Kamal's supplemental affidavit. Moreover, as noted by the IJ, Kamal's testimony was inconsistent with his affidavit concerning the events of March 1992. Kamal testified at his hearing that he was arrested (or

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

detained) for a third time in March 1992. However, in his affidavit, Kamal wrote that he was arrested in November 1991, released in March 1992, and went to the hospital for treatment for the injuries he sustained while detained. Although asked about his hospitalization, Kamal did not provide any dates of treatment in his testimony

The IJ also relied upon inconsistencies in Kamal's affidavit and testimony regarding the length of time Kamal spent in jail. Kamal testified that he was arrested three times by the Bengali government, and he was detained 90 days each time. However, in his affidavit, Kamal stated that he was arrested in July 1991, and "a request was made by the police to hold me for five (5) days for interrogation purposes." He then stated that a magistrate granted the police two days in which they could hold him for interrogation. Kamal's affidavit did not state he was detained in fact for 90 days and Kamal did not explain this inconsistency at his hearing.

The IJ also based his adverse credibility finding, in part, on the unreliability of Kamal's supporting documents, particularly Exhibit 11, a purported document from the Dhaka County Jail, which the IJ found contained information about police brutality not likely to be admitted by a persecutor.

Although the IJ also relied upon other grounds for his adverse credibility finding, the grounds discussed are sufficient to support the IJ's finding and deny Kamal's applications for relief.

We have considered all of petitioner's contentions in support of this petition for review and find them to be without merit. Accordingly, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).